HOYER v. READE.

(Supreme Court, Appellate Division, Fourth Department.   April 24, 1900.)

CONTRADICTORY EVIDENCE—DIRECTING VERDICT—ERROR.
    Where, in an action to recover for the breach of a warranty, the evidence is contradictory, directing a verdict for defendant is error.

Action by John B. Hoyer against William T. Reade.   Judgment was directed for defendant.   Motion for new trial ordered heard by appellate division in the first instance.   Granted.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Judson & Richardson, for plaintiff.
Richard A. Hall, for defendant.

SPRING, J.   This action was brought to recover damages for breach of warranty on the sale of a horse by the defendant to the plaintiff.   The amended complaint sets forth that the defendant warranted the horse to be sound and all right, and plaintiff's reliance thereupon, and that the warranty was false, and in what the falsity consisted.   The amended answer, with considerable amplitude, denied that the horse was in fact unsound at the time of the sale, but did not deny the warranty.   The only facts, therefore, to be tried, were the condition of the horse at the time of the sale, and the damages accruing to the plaintiff, if there was a breach of the warranty proven.

The plaintiff resided in Middleport, Niagara county, and the defendant in Cherry Creek, in the county of Chautauqua, and they were not acquainted.   A mutual friend had told plaintiff of the horse, who sent a man named Benjamin to buy him, which Benjamin did, and drove him to Middleport.   Plaintiff's proof tended to show that the horse was knee-sprung, was stiffened, had a well-developed bone spavin, and the muscles of the right hip had shrunk away, and that he had the pernicious habit of kicking violently in the stable.   The veterinary surgeons testified that the spavin and some of the other ailments had been of long standing, and must have existed at the time the defendant delivered the horse to Benjamin, in Cherry Creek.   The defendant's testimony was equally explicit in showing that the horse at that time was sound and fully up to the warranty.   This contradictory testimony on the vital fact in the case should have been passed upon by the jury, and the direction of the verdict was error.

The plaintiff's exceptions are sustained, and a new trial ordered, with costs to abide the event.   All concur.